UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

| | | |
|---|---|---|
| ROBERT STOVER, #230917, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-1183 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| PATRICIA CARUSO and RICHARD RUSSELL, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. On February 10, 2010, plaintiff was released from prison on parole. Plaintiff's complaint arises from various conditions of his confinement during a period from January 2005, through February 10, 2010. The defendants are former Director of the Michigan Department of Corrections, Patricia Caruso and former Administrator of the Bureau of Health Care Services, Richard Russell. Plaintiff alleges that defendants were deliberately indifferent to his serious medical and dental needs in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. He asks the court, in its discretion, to exercise supplemental jurisdiction over purported state-law claims. He sues defendant Caruso in her individual and official capacities and defendant Russell in his individual capacity. (Am. Compl. ¶¶ 7-9, docket # 8 at ID# 40). Plaintiff seeks an award of damages and declaratory and injunctive relief. (*Id.* at ID#s 92-94).

On October 28, 2013, defendants filed a motion for summary judgment. (docket # 28). Plaintiff has elected not to file a response to defendants' motion. For the reasons set forth

herein, I recommend that all plaintiff's claims for injunctive and declaratory relief be dismissed as moot. I recommend that plaintiff's claims for damages against defendant Caruso in her official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims. I recommend that defendants' motion for summary judgment be granted, and that judgment be entered in defendants' favor on all plaintiff's federal claims.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden

of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 427 (6th Cir. 2013). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013).

Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendants' motion to ensure that they discharged their burden.

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) until his parole on February 10, 2010. (Plf. Dep. at 4-5, 13 docket # 29-1, ID#s 297, 299). Defendants Richard Russell and Patricia Caruso are not medical or dental professionals. Russell was the MDOC's Administrator of the Bureau of Health Care Services (BHCS) from 2005 through March 31, 2007. As Administrator, Russell was responsible for administrative oversight of the BCHS. Administrator was not a medical position and

Russell had no role in quality assurance or the clinical decision-making process. (Russell Aff. ¶¶ 3, 4, docket # 29-4, ID# 373). Patricia Caruso is the former Director of the Michigan Department of Corrections. She held that position from July 1, 2003, until her retirement on December 31, 2010. (Caruso Aff. ¶ 1, docket # 29-3, ID# 364). Plaintiff did not have any written or oral communication with defendants Caruso or Russell during his incarceration. (Plf. Dep. at 13-14, ID#s 299-300; Caruso Aff. ¶ 17, ID# 368; Russell Aff. ¶1, ID# 372).

Plaintiff presents no evidence that the medical or dental care that he received during his incarceration was deficient, or that it caused him to suffer any damages. Further, neither defendant had any knowledge of plaintiff's medical or dental needs and they had no personal involvement in the medical or dental care that he received. (Caruso Aff. ¶¶ 4, 15-17, ID#s 365, 367-68; Russell Aff. ¶¶ 6-7, ID#s 373-74).

## Discussion

**I.    Mootness**

Plaintiff was released from prison years before he filed this lawsuit. His claims for injunctive relief against the defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

**II.    Official Capacity Claims**

Plaintiff's claims for damages against defendant Caruso in her official capacity are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant Caruso is entitled to dismissal with prejudice of plaintiff's claims for monetary damages against her in her official capacity.

**III.    Individual Capacity Claims**

Plaintiff alleges that defendants violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n. 5; *see also Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.'") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550).

In addition, defendants Caruso and Russell were entitled to rely on the judgment of medical professionals regarding the appropriate course of medical and dental treatment. *See McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013); *Arnett v. Webster*, 658 F.3d 742, 755 (3d Cir. 2011); *see also Fantone v. Herbik*, 528 F. App'x 123, 128 (3d Cir. 2013); *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013).

Plaintiff has not presented evidence sufficient to support either component of an Eighth Amendment claim for deliberate indifference to serious medical or dental needs against defendants. Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. at 323-25. When faced with defendants' well-supported motion, plaintiff was required to come forward with evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d at 1478. When defendants moved for summary judgment, plaintiff elected to ignore rather than engage the evidence presented by defendants.

The record is devoid of evidence of any deficiency in plaintiff's medical or dental care. Plaintiff's disagreement with the medical or dental treatment he received in prison falls well short of supporting an Eighth Amendment claim. *See e.g.*, *Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006). There is no evidence before the court on which a reasonable trier of fact could find in plaintiff's favor on any element of his claims against defendants.

**IV.** **Supplemental Jurisdiction**

Plaintiff asks the court to exercise jurisdiction over purported state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009); *see also Arnold v. City of Columbus*, 515 F. App'x 524, 539 (6th Cir. 2013). There is no reason in this case to depart from the general rule.

### **Recommended Disposition**

For the foregoing reasons, I recommend that all plaintiff's claims for injunctive and declaratory relief be dismissed as moot. I recommend that plaintiff's claims for damages against defendant Caruso in her official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims. I recommend that defendants' motion for summary judgment (docket # 28) be granted, and that judgment be entered in defendants' favor on all plaintiff's federal claims.

Dated: August 21, 2014            /s/ Phillip J. Green
                                  United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).